## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case no. 09-05395 |
| Sumon K. Saha and | ) | Judge Carol A. Doyle |
| Amrita Pritam, | ) | |
| | ) | **Date:  December 8, 2009** |
| Debtors. | ) | **Time: 10:30 a.m.** |

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.      The debtors filed a petition under chapter 7 of the United States Bankruptcy Code on February 20, 2009.  The undersigned trustee was appointed on February 20, 2009.

2.      The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3.      All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.      The trustee realized gross receipts of     $8,273.36.

Funds were disbursed in the following amounts:

| | |
|---|---|
| Administrative expenses | 0.00 |
| Payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] | $8,273.36 |

The remaining funds are available for distribution.

5.      Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

6.     The deadline for filing claims in this case was July 1, 2009.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  A claims analysis, explaining why payment on any claim is not being made, is not required to be filed in this district and is, therefore, not attached to Trustee's Final Report.

7.     The Trustee's proposed distribution is attached as **Exhibit D**.

8.     Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,577.32.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The Trustee has received $0.00 as interim compensation and now requests a sum of $1,577.32, for total compensation of $1,577.32.  In addition, the Trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $21.00, for total expenses of $21.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:  November 6, 2009          By: /s/ Barry A. Chatz
                                     Trustee